**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morton Berger,<br><br>            Petitioner,<br><br>vs.<br><br>Charles L. Ryan, Director, Arizona Department of Corrections; and Terry Goddard, Attorney General for the State of Arizona,<br><br>            Respondents. | No. CV-09-2689-PHX-DGC (MHB)<br><br>**ORDER** |

    Morton Berger was found to be in possession of child pornography in June 2002. On January 30, 2003, a state court jury convicted him on 20 counts of sexual exploitation of a minor in violation of A.R.S. § 13-3553. Because the victims were under 15 years of age, Berger's offenses constituted dangerous crimes against children and he was sentenced to 20 consecutive 10-year prison terms as mandated by A.R.S. § 13-604.01 (renumbered as A.R.S. § 13-705). The Arizona Supreme Court affirmed the sentences, finding that they do not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *State v. Berger*, 134 P.3d 378 (Ariz. 2006).

    Berger, through counsel, has filed a petition for writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Doc. 1. His sole ground for relief is an alleged Eighth Amendment violation. *Id.* at 8. Respondents have filed an answer, arguing that Berger's sentence in no way

constitutes cruel and unusual punishment and he otherwise has shown no right to habeas relief. Doc. 11. Berger has filed a reply to the answer. Doc. 20.

United States Magistrate Judge Michelle Burns has issued a report and recommendation ("R&R") that the petition be denied. Doc. 26. Berger has filed objections (Doc. 27), and Respondents have filed a response (Doc. 28). Oral argument has not been requested. For reasons stated below, the Court will accept the R&R and deny the petition.

**I.      Standard of Review.**

A party may file specific written objections to the R&R's proposed findings and recommendations. The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**II.     Analysis.**

The AEDPA requires federal courts to defer to the last reasoned state court decision, *Woods v. Sinclair*, --- F.3d ---, 2011 WL 3487061, at *5 (9th Cir. Aug. 10, 2011), which in this case is the decision of the Arizona Supreme Court affirming Berger's sentences. This Court may grant Berger's habeas petition only if he shows that the Arizona Supreme Court's decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1)-(2). The AEDPA "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, --- U.S. ----, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). The Court therefore must "avoid applying [the] AEDPA in a manner that displays 'a lack of deference to the state court's

determination and an improper intervention in state criminal processes.'" *John-Charles v. California*, --- F.3d ----, 2011 WL 2937945, at *9 (9th Cir. July 22, 2011) (quoting *Harrington*, 131 S. Ct. at 787).

Judge Burns concludes in her R&R that Berger has established no right to habeas relief under the AEDPA. Doc. 26. Specifically, Judge Burns found that because the Eighth Amendment focuses not on the cumulative sentence, but the discrete sentence imposed for each separate offense, and because there otherwise is no constitutional right to receive concurrent sentences, Berger's consecutive sentences for multiple crimes of sexual exploitation of a minor do not run afoul of the Eighth Amendment. *Id.* at 14-18. Judge Burns further found that given the substantial harm child pornography causes child victims, and in light of the legitimate penological goals of punishment and deterrence, Berger's sentence of 10 years per count is not so grossly disproportionate to the dangerous crime against children he committed as to violate the Eighth Amendment. *Id.* at 18-24.

Berger raises a host of objections to the findings of fact and law made by Judge Burns. Doc. 27. The Court concludes that none has merit.

### A. General Objections.

Berger first objects generally to the factual background set forth in the R&R on the ground that it is based on Respondents' view of the facts and references evidence not admitted at trial. Doc. 27 ¶¶ 2-3. He also asserts general objections to the R&R's legal analysis. *Id.* ¶¶ 16-17.

The Court will deem Berger's general objections ineffective. This ruling comports with the clear language of Rule 72(b). Under that rule, the district judge must determine de novo those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b)(2). A proper objection under Rule 72(b) requires the petitioner to make "*specific written objections* to the proposed findings and recommendations." *Id.* (emphasis added); *see* 28 U.S.C. § 636(b)(1). An obvious purpose of these provisions is judicial

economy – to permit magistrate judges to hear and resolve matters not objectionable to the parties. *See Thomas v. Arn*, 474 U.S. 140, 147-152 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Because complete de novo review defeats the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object." *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *Haley v. Stewart*, No. CV-02-1087-PHX-DGC (CRP), 2006 WL 1980649 at *2 (D. Ariz. July 11, 2006). In short, the Court is relieved of any obligation to review Berger's general objections to the R&R. *See Thomas*, 474 U.S. at 149 (1985) (no review at all is required for "any issue that is not the subject of an objection"); *Haley*, 2006 WL 1980649 at *2.

### B. Immaterial Objections.

Many of Berger's objections are not material to his Eighth Amendment claim, and some are irrelevant to any material issue in the case. For example, Berger objects on the ground that the trial began on January 28, 2003 and lasted three days (Doc. 27 ¶ 4), but fails to explain why this fact is material to his habeas claim or any legal finding made by Judge Burns. To the extent the objections find fault with the background section of the R&R, "or quibble baselessly with its wording," the Court will not address them as they have no bearing on the outcome of the case. *Andrews v. Whitman*, No. 06-2447-LAB (NLS), 2009 WL 857604, at *5 (S.D. Cal. Mar. 27 2009); *see Cohen v. United States*, No. CV-08-1888-PHX-JAT, 2010 WL 1252550, at *7 (D. Ariz. Mar. 25, 2010) (overruling objection that "factual discrepancies exist" where the petitioner failed to describe how the distinctions were material).

### C. Specific Objections to Legal Findings.

Having carefully considered Berger's specific objections to Judge Burns' legal analysis (Doc. 27 ¶¶ 18-30), the Court finds them to be without merit. Berger first asserts that Judge Burns erroneously applied the holding in *United States v. Meiners*, 485 F.3d 1211 (9th Cir. 2007), which, according to Berger, supports the conclusion that his sentence is unconstitutional. Doc. 27 ¶¶ 18, 28. *Meiners* affirmed a 15-year sentence for

advertisement and distribution of child pornography, finding that such conduct "threatens to cause grave harm to society" and "feeds an industry that causes physiological, emotional and mental trauma to the child victims." 485 F.3d at 1213. Judge Burns found, correctly, that there is an interconnected relationship between the producers, distributors, and consumers of child pornography, and that the harm to the child victims caused by consumers of child pornography is well established. Doc. 26 at 22-23; *see New York v. Ferber*, 458 U.S. 747, 758 (1982) (recognizing that "the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child"); *Osborne v. Ohio*, 495 U.S. 103, 109-10 (1990) (noting that "it is surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand"). Contrary to Berger's contention, *Meiners* does not support his Eighth Amendment claim.

There is no evidence in the record, Berger asserts, to support the implication that possessors of child pornography will also molest children. Doc. 27 ¶ 19. But the fact that Berger may have no proclivity to molest children does not render his sentences unconstitutional. Consumers of child pornography "'instigate[] the original production of child pornography by providing an economic motive for creating and distributing the materials.'" Doc. 26 at 22 (quoting *United States v. Planck*, 493 F.3d 501, 505 (5th Cir. 2007)). Contrary to Berger's assertion (Doc. 27 ¶¶ 25-26), Judge Burns did not fail to consider his specific conduct in addressing the length and proportionality of his sentences. *See* Doc. 26 at 15-16, 21.

Claiming that his sentences would have been significantly lower under federal law, Berger objects to the R&R for not having discussed the federal sentencing guidelines. Doc. 27 ¶ 20. But Berger was convicted under Arizona law, not federal law, and an Eighth Amendment violation cannot rightly be predicated solely on inter-jurisdiction comparisons. The fact that "a State has the most severe punishment for a

particular crime does not by itself render the punishment grossly disproportionate." *Harmelin v. Michigan*, 501 U.S. 957, 1000 (1991) (Kennedy, J., concurring). Moreover, the Court concludes that reference to the federal sentencing guidelines is not necessary to decide the relevant question in this case – whether the Arizona Supreme Court's adjudication of Berger's Eighth Amendment claim was contrary to or an unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1). The Arizona court's majority opinion by Justice Bales engaged in a careful analysis of relevant cases from the United States Supreme Court and reached a conclusion that clearly was not contrary to or an unreasonable application of those cases. *See Berger*, 134 P.3d at 380-85.

Berger objects to Judge Burns' reliance on certain Ninth Circuit cases in discussing the standard of review under the AEDPA (Doc. 26 at 13-14), arguing that other Ninth Circuit cases provide a more complete analysis of the Supreme Court's Eighth Amendment jurisprudence. Doc. 27 ¶¶ 22-23. Berger recognizes (*id.* ¶ 22) that Eighth Amendment challenges to the length of sentences are reviewed under the framework outlined by Justice Kennedy in his concurring opinion in *Harmelin*, 501 U.S. at 996-1001, and later employed by Justice O'Connor in announcing the judgment of the Court in *Ewing v. California*, 538 U.S. 11, 20-24 (2003). Judge Burns applied those proportionality principles in the R&R (Doc. 26 at 18-24), as did the Arizona Supreme Court, *Berger*, 134 P.3d at 380-88. To the extent Berger contends that his Eighth Amendment habeas claim is not governed by the AEDPA (Doc. 27 ¶ 23), he is incorrect. *See, e.g.*, *Rios v. Garcia*, 390 F.3d 1082, 1084-86 (9th Cir. 2004); *Reyes v. Brown*, 399 F.3d 964, 966-67 (9th Cir. 2005); *Taylor v. Lewis*, 460 F.3d 1093, 1101 (9th Cir. 2006).

Judge Burns erred, Berger claims (Doc. 27 ¶ 24), in finding that the state court's decision to consider only the 10-year sentence for each count in the proportionality inquiry to be reasonable (Doc. 26 at 16). Berger cites various Court of Appeals decisions, but makes no argument that the Arizona court's decision was contrary to or an

unreasonable application of clearly established Supreme Court precedent. To the contrary, the Arizona Supreme Court specifically considered Supreme Court precedent in its decision to consider single-count sentences. *See Berger*, 134 P.3d at 384 (citing *Lockyer v. Andrade,* 538 U.S. 63, 74 n. 1 (2003) (rejecting, in context of federal habeas review, dissent's argument that two consecutive sentences of twenty-five years to life for separate offenses were equivalent, for purposes of Eighth Amendment analysis, to one sentence of life without parole for thirty-seven-year-old defendant)).

Nor has Berger shown that the state court's decision was based on an unreasonable determination of the facts, or that his "mere possession of 20 images on one day" (Doc. 27 ¶ 27) renders his sentences grossly disproportionate. The images for which Berger was convicted graphically depict sordid and perverse sexual conduct involving pre-pubescent minors. Berger's objection cites no basis for disagreeing with this conclusion of the Arizona Supreme Court:

> Nor did Berger come into possession of these images fleetingly or inadvertently. Berger had obtained at least two images in 1996, some six years before his arrest. The websites Berger flagged as "favorites" included graphic titles indicating that they provide underage, and illegal, pornographic depictions. His computer contained "cookie" files and text fragments indicating he had searched for or visited websites providing contraband material. Berger also had recordable CDs indicating he had specifically set up a "kiddy porn" directory, which included other subfolders with titles indicating a collection of contraband images.

*Berger*, 134 P.3d at 385.

With respect to Berger's complaint that Arizona's sentencing scheme unwisely mandates a separate prison term for each image, Judge Burns cited *Ewing*, 538 U.S. at 28, for the proposition that "'this criticism is appropriately directed at the legislature, which has primary responsibility for making the difficult policy choices that underlie any criminal sentencing scheme.'" Doc. 26 at 18 n.8. Judge Burns did not, as Berger suggests, conclude that the courts are without authority to consider an Eighth

Amendment challenge where the state legislature "decrees life imprisonment for 20 clicks of a mouse[.]" Doc. 27 ¶ 29. Instead, Judge Burns noted, consistently with Supreme Court precedent, that "fixing the number or contraband images that may be punished within a single prison term is a subjective policy determination that the Supreme Court has found to rest 'properly within the province of legislatures, not courts.'" Doc. 26 at 18 n.8 (quoting *Rummel v. Estelle*, 445 U.S. 263, 275-76 (1980)). Berger has not shown that the Arizona Supreme Court's affirmance of the consecutive nature of his sentences was contrary to or involved an unreasonable application of Supreme Court precedent.

Finally, Berger objects (Doc. 27 ¶¶ 21, 30) to Judge Burns' decision to not conduct a comparative intra- and inter-jurisdictional analysis (Doc. 26 at 19-21). The Court cannot conclude that such a comparison would provide a basis for finding the Arizona Supreme Court's decision to be contrary to or an unreasonable application of clearly established Supreme Court case law. As noted above, the fact that "a State has the most severe punishment for a particular crime does not by itself render the punishment grossly disproportionate." *Harmelin*, 501 U.S. at 1000 (Kennedy, J., concurring). Moreover, as Justice Hurwitz noted in voting to affirm Berger's sentence, "[t]here will always be one state with the longest penalty, and if that were enough to establish an Eighth Amendment violation, the result would be a revolving door under which the penalty for the next state in line would then be automatically unconstitutional." *Berger*, 134 P.3d at 388-89 (Hurwitz, J., concurring). "In light of the gravity of [Berger's] offense, a comparison of his crime with his sentence does not give rise to an inference of gross disproportionality, and comparative analysis of his sentence with others in [Arizona] and across the Nation need not be performed." *Harmelin*, 501 U.S. at 1005; *see Meiners*, 485 F.3d at 1213.

**III.   Conclusion.**

Having reviewed the R&R and Berger's objections, the Court concludes that

Berger has not shown the state court's ruling on his Eighth Amendment claim to be "'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement.'" *Sessoms v. Runnels*, --- F.3d ----, 2011 WL 2163970, at *1 (9th Cir. June 3, 2011) (quoting *Harrington v. Richter*, --- U.S. ----, 131 S. Ct. 770, 786-87 (2011)).  The Court will accept the R&R and deny the petition for writ of habeas corpus.

**IT IS ORDERED:**

1. The Magistrate Judge's report and recommendation that the petition be denied (Doc. 26) is **accepted**.

2. Morton Berger's petition for writ of habeas corpus (Doc. 1) is **denied**.

3. A certificate of appealability is **denied** because Berger has made no substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

Dated this 2nd day of September, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge